UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARQUIEST LEON MURPHY, | ) | NO. CIV S-08-0256-GHK |
| | ) | |
| Petitioner, | ) | ORDER DENYING (1) PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS; |
| vs. | ) | AND (2) CERTIFICATE OF |
| | ) | APPEALABILITY |
| T. FELKER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On July 27, 2011, we deemed Petitioner's June 9, 2011 Petition to be his First Amended Petition ("FAP"), but stated that it does not supersede his initial Petition.  Respondent had previously answered the claims in the initial Petition.  In that Order, we directed Respondent to also answer the separate claims set forth in the FAP. Respondent has now done so, and Petitioner has filed his reply.  The claims in the initial Petition and the FAP are now ready for decision.

**I.  Initial Petition**

In his initial Petition, Petitioner raised nine claims.  Because some of these claims should be grouped for analytical purposes, we rule on them as follows:

1     **A.   Insufficiency of the Evidence Claims (Claims One, Two,**

2 **Seven, and Eight)**

3     Petitioner claims there was insufficient evidence to prove that

4 he was responsible for the shootings, thus undermining the sufficiency

5 of the evidence to support his attempted murder convictions.

6 Moreover, he argues that there was insufficient evidence to support

7 the personal use of a firearm and the great bodily injury

8 enhancements.

9     Viewing the evidence in the light most favorable to the

10 prosecution, we conclude that a reasonable jury could have found the

11 essential elements of the crime/enhancement beyond a reasonable doubt.

12 *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Moreover, we conclude

13 that the state courts' rejection of these claims was neither contrary

14 to, nor involved an unreasonable application of, clearly established

15 federal law, as determined by the Supreme Court, nor was based on an

16 unreasonable determination of the facts in light of the evidence

17 presented.  28 U.S.C. § 2254(d).  Accordingly, we conclude that

18 Petitioner is not entitled to habeas relief on Claims One, Two, Seven,

19 and Eight.

20

21     **B.   Improper Admission of Gang Evidence (Claim Three)**

22     Petitioner claims the trial court improperly admitted gang

23 evidence in his trial.  We disagree.  The evidence that was admitted

24 was relevant at least as to motive.  In any event, habeas relief is

25 not available for mere error under state evidence law.  To implicate

26 Petitioner's constitutional rights, the admission of the evidence must

27 have so fatally infected the proceedings as to render them

28

1  fundamentally unfair.  *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th

2  Cir. 1991).  Given the totality of the evidence at trial, the

3  admission of the gang evidence did not render Petitioner's trial

4  fundamentally unfair.  The state courts' rejection of this claim

5  likewise is neither contrary to, nor involved an unreasonable

6  application of, clearly established federal law, as determined by the

7  Supreme Court, nor was based on an unreasonable determination of the

8  facts in light of the evidence presented.  28 U.S.C. § 2254(d).

9  Petitioner is not entitled to habeas relief on Claim Three.

10

11                **C.  Prosecutorial Misconduct (Claims Four, Five, and Six)**

12       Petitioner claims the prosecutor committed misconduct (1) during

13  closing argument, (2) in suggesting that defense counsel had coached a

14  witness,[1] and (3) by presenting false testimony.  A federal habeas

15  court determines whether there was a violation of due process, not

16  whether any purported misconduct should be corrected under a court's

17  supervisory powers.  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

18  Our review is limited to determining whether the prosecutor's conduct

19  so infected the trial with unfairness as to make the resulting

20  conviction a denial of due process.  *Donnelly v. DeChristoforo*, 416

21  U.S. 637, 643 (1974).

22  _____

23       [1]It is unclear if Petitioner also meant to claim that his

24  counsel was ineffective for failing to seek an admonition of the
    prosecutor from the court following what Petitioner characterized
    as the prosecutor's purported suggestion that defense counsel had

25  coached a witness.  No fair reading of the proceedings supports
    such an inference.  In any event, we conclude that counsel was

26  not unreasonable for failing to seek an admonition, and that
    there is no reasonable probability that but for counsel's failure

27  the result would have been different.  *See Strickland v.*

28  *Washington*, 466 U.S. 668, 688 (1984).

1  In this case, none of these instances of alleged prosecutorial
2  misconduct comes close to violating Petitioner's due process rights
3  for, among other reasons, those set forth by the State Court of
4  Appeal's decision and the Respondent's Answer.  We thus conclude that
5  the state courts' denial of relief is neither contrary to, nor
6  involved an unreasonable application of, clearly established federal
7  law, as determined by the Supreme Court, nor was based on an
8  unreasonable determination of the facts in light of the evidence
9  presented.  28 U.S.C. § 2254(d).

10

11            **D.  Sentencing Error (Claim Nine)**

12  Petitioner claims the trial court erred by imposing an upper term
13  based on facts that were neither found by a jury nor admitted by him.
14  *See Cunningham v. California*, 549 U.S. 270, 274 (2007).  However, the
15  state courts' determination that there was an adequate independent
16  basis for the upper term due to, among other things, the court's
17  finding that Petitioner had suffered numerous prior convictions was
18  neither contrary to, nor involved an unreasonable application of,
19  clearly established federal law, as determined by the Supreme Court,
20  nor was based on an unreasonable determination of the facts in light
21  of the evidence presented.  28 U.S.C. § 2254(d).  Petitioner is not
22  entitled to habeas relief on Claim Nine.

23
24
25
26
27
28

## II.  First Amended Petition

Petitioner adds two claims in his First Amended Petition.

### A.  Newly Discovered Evidence/Actual Innocence (Claim One in First Amended Petition)

The state court held an evidentiary hearing during which the witness who had purportedly recanted his trial testimony testified and denied writing the text of the recantation but reaffirmed the truth of his trial testimony.  The state court judge found as a matter of fact that Petitioner had failed to show the witness had lied at trial, and that even if a new trial were ordered, it was not reasonably probable that any different result would occur.

We find and conclude that the state courts' denial of this claim is neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).

We come to the same conclusion with respect to the state courts' denial of Petitioner's subsequent attempt to present yet another recantation by the same witness.  The state court rejected the purported second recantation as patently unbelievable, and held that Petitioner had failed to show prejudice.  On the record before the state court, this conclusion was not contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d). As such, habeas relief remains unavailable

regardless of the nature of any additional evidence Petitioner might

present at an evidentiary hearing before us to explore the witness's

current version of his testimony. *Cullen v. Pinholster*, 131 S. Ct.

1388, 1400 (2011).

In any event, "[t]o be credible, [a claim of actual innocence]

requires petitioner to support his allegations of constitutional error

with new reliable evidence – whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial. Because such evidence is

obviously unavailable in the vast majority of cases, claims of actual

innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324

(1995). Petitioner "must show that it is more likely than not that no

reasonable juror would have convicted him in light of the new

evidence." *Id.* at 327.

Petitioner's purported new evidence consists of multiple

contradictory statements by the witness. His trial testimony

inculpated Petitioner at trial. His May, 2008 Declaration purported

to recant his trial testimony. At the state evidentiary hearing, the

witness said he had only signed a blank document to "help the

[Petitioner]." He denied any familiarity with the purported contents

of the first Declaration that purported to recant his trial testimony,

and denied any intent to assist Petitioner by recanting his trial

testimony. To the contrary, the witness reaffirmed his trial

testimony. Thereafter, Petitioner submitted another purported

Declaration by this witness in which he supposedly recants his

evidentiary hearing testimony. Based on the multiple conflicting

sworn statements made by the witness, we conclude that Petitioner has

1    not satisfied the *Schlup* standard.   Thus, the state courts' rejection
2    of this further attempt to use yet another purported recantation is
3    likewise neither contrary to, nor involved an unreasonable application
4    of, clearly established federal law, as determined by the Supreme
5    Court, nor was based on an unreasonable determination of the facts in
6    light of the evidence presented.   28 U.S.C. § 2254(d).

7        Petitioner is not entitled to relief on Claim One in his First
8    Amended Petition.

9

10       **B.   Ineffective Assistance of Counsel at Habeas Evidentiary**
11   **Hearing (Claim Two in First Amended Petition)**

12       This claim fails because Petitioner has no constitutional right
13   to assistance of counsel during state collateral proceedings.
14   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*,
15   999 F.2d 425, 429 (9th Cir. 1993).   Accordingly, Petitioner has failed
16   to show any grounds for habeas relief.   The state courts' rejection of
17   this claim is neither contrary to, nor involved an unreasonable
18   application of, clearly established federal law, as determined by the
19   Supreme Court, nor was based on an unreasonable determination of the
20   facts in light of the evidence presented.   28 U.S.C. § 2254(d).
21   Petitioner is not entitled to relief on the Second Claim in his First
22   Amended Petition.

23

24

25

26

27

28

**III.   Conclusion**

Based on the foregoing, as well as the reasons set forth in the Respondent's Answer to the Petition and to the First Amended Petition, both the Petition and the First Amended Petition are **DENIED.** Moreover, we find and conclude that Petitioner has not made a substantial showing of a violation of his constitutional rights. Accordingly, a certificate of appealability is also **DENIED.**

IT IS SO ORDERED.

DATED:   __10/27/11__

_____
George H. King
United States District Judge[2]

_____

[2]United States District Judge for the Central District of California sitting by designation.